## ROBERT RIVES V. THE STATE.

No. 17022.   Delivered January 16, 1935.
Reported in 77 S. W. (2d) 1049.

The opinion states the case.

*E. T. Adams,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Upon a careful consideration of the facts in this case we are forced to the conclusion that same are insufficient to show appellant's guilt, and the original opinion is withdrawn and the following substituted:

The State introduced two witnesses originally.   Mr. Gresham testified to the loss of something over one hundred posts, and that he accompanied the city marshal, Mr. Davis, on the night of July 3rd, on a drive from Glen Rose to Cleburne, and that near Cleburne they overtook a truck driven by Sam Rives, uncle of appellant, on which were the alleged stolen posts.   Appellant was on the truck with Sam Rives.   Mr. Davis testified that he was city marshal at Glen Rose; that about midnight he heard a truck come across Paluxy creek; that it was loaded with posts, and he could not tell whether there was one or two persons on it; that he knew Mr. Gresham had been losing posts, and after some difficulty he located Mr. Greham, talked to him, and they got a car and about three o'clock that night they overtook the truck above referred to near Cleburne, and that it was being driven by Sam Rives, appellant being on the truck, and that the truck was loaded with Mr. Gresham's posts.

The defense introduced appellant's wife who testified that Ray Gartrell came to her home about midnight on July 3rd, woke her husband up and had him fix a flat; that she put a lamp in the window in lieu of a better light, and the truck was driven close to the window and the flat was fixed.   She said while her husband was fixing the flat Sam Rives came.   She heard his ask her husband to go with him that night to Cle-

burne to help him in case he had other flats. She also heard her husband ask Gartrell where he got these posts, and heard Gartrell reply that he got them from Rotan Moore. She heard appellant say that if the posts were stolen he would not go on the trip at all. She heard Gartrell explain to her husband the circumstances which made him come there at that time of night. Appellant took the witness stand and testified that he ground the valves and tuned the engine of Sam Rives' truck on July 3rd, and that Ray Gartrell got it that afternoon, and told appellant that he had traded for some posts. He further swore that when Gartrell came back to his place that night with a load of posts and appellant fixed a flat for him by the light of a lamp, Gartrell told him he had traded for the posts from Rotan Moore. Appellant also testified that Sam Rives owned the truck, and told him, appellant, that he had sold these posts and had to take them to Cleburne that night, and would give appellant a dollar to go with him for the purpose of looking after the casings. Norman Gartrell testified for the defense, that his brother Ray Gartrell came to his house that night with a load of posts on Sam Rives' truck. Witness helped him fix a flat. Ray told witness he had traded for these posts from Rotan Moore.

After the defense rested the State put on Ray Gartrell who testified that he took Sam Rives' truck about eight p. m. that afternoon, drove out and got the posts, and had two flats on his way into Glen Rose; that he got to town about midnight, and drove to appellant's house and got him to fix the flats. He said he told appellant that he got these posts from Rotan Moore, and that appellant did not know the posts were stolen. He said that he was alone in getting the posts.

We have quoted the substance of the testimony relating to the theft of the posts. We do not believe it sufficient. We recognize that under the law when there is a contradiction between the testimony of the State and the defendant, but that for the State sufficiently supports the conclusion of guilt,—this court is without power to review the action of the jury and of the trial court,—but when, as in this case, the testimony not only is lacking in criminating force, but that of the State itself absolutely negatives the guilt of the accused, there seems nothing left for us to do but to reverse the case.

It seems that the State proceeded, both in its questioning and in the form of the charge given, upon the theory that appellant had prepared and worked on his uncle's truck during the day of July 3rd with knowledge of the fact that it was

going to be or might be used in the theft of said posts, and this may have led the jury to find appellant guilty. We fail to find any evidence sufficiently supporting the conclusion of guilt founded upon any such theory. In any event, if appellant had ground the valves and tuned the engine of his uncle's truck with knowledge of the fact that it was going to be used in committing the theft, he would not be guilty. Under Ray Gartrell's testimony appellant was not present when the property was stolen. So concluding, appellant's motion for rehearing will be granted, the judgment of affirmance set aside, and the judgment of the trial court reversed and the cause remanded.

*Reversed and remanded.*